UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEIMON CRAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-4053-MMM |
| | ) |
| DHS OF ILLINOIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, a pretrial detainee at the Rock Island County Jail ("Jail"), proceeds *pro se* under 42 U.S.C. § 1983 against DHS of Illinois and DCFS of Illinois. This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

Plaintiff's complaint consists of a rambling two-page narrative against the Illinois Department of Human Services ("DHS") and the Illinois Department of Children and Family Services ("DCFS"). He seeks one billion dollars in damages from each Defendant.

Plaintiff states that he is disabled and was falsely charged with sex-related crimes. He alleges that DHS approved him for in-patient hospital care on January 7, 2022, and then denied

him transportation to a DHS facility for treatment. As a result, he claims that he was left vulnerable to an attack at the Jail and that two officers brutally beat him on January 30, 2022. He claims that DHS knew he was disabled and aided in the attack at the Jail. He filed a separate lawsuit against the Jail related to the alleged attack. (*See* Case No. 22-4022).

Plaintiff also claims that he was forced to sign an appeal letter from DCFS for expungement of sex-related crimes he did not commit.

## ANALYSIS

Plaintiff names DHS and DCFS as Defendants; however, an action for damages against the state or its agencies is barred by the Eleventh Amendment. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992); *see also Quern v. Jordan*, 440 U.S. 332 (1979). Claims under § 1983 generally need to be brought against individuals. "Section 1983 creates a private right of action against any "person" who deprives another, under the color of law, of rights guaranteed by federal law, including the Constitution." *Thomas v. Chmell*, No. 20 C 4564, 2021 WL 5113903, at *3 (N.D. Ill. Nov. 3, 2021) (citing 42 U.S.C. § 1983). This Court discerns no claims against individuals based on the allegations in his complaint. Plaintiff seems to be alleging that DHS is responsible for the attack at the Jail, but individuals at DHS have no authority over the operation of the Jail.

Plaintiff alleges that he was falsely charged with a sex-related crime. Plaintiff cannot assert a claim challenging a state charge or conviction in a §1983 action. *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* prohibits a prisoner from obtaining money damages in a § 1983 suit where a judgment in [his] favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. This is so, unless "the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

Therefore, Plaintiff's complaint against DHS and DCFS is DISMISSED for failure to state claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile as Plaintiff's claim against state agencies for monetary damages is barred by the Eleventh Amendment and his claim related to his state charge or conviction is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

2) This case is now closed. The Clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3) Plaintiff must still pay the filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior Order. (See Text Order 4/4/2022).

4) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log

5) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: April 14, 2022         s/ Michael M. Mihm
                                Michael M. Mihm
                                U.S. District Court Judge